UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
)
    LORI A. DUGAN ) Case No. 04-13818-SSM
) Chapter 13
                Debtor )

**MEMORANDUM OPINION AND ORDER**

A hearing was held on August 13, 2008, on the application of Young John Kong, Esquire, for approval and payment of supplemental compensation in the amount of $1,171.50 as counsel for the debtor.[1] At the hearing, the trustee advised the court that the plan was not sufficiently funded to allow payment of the fee without reducing the dividend to unsecured creditors. For the reasons stated, the court will approve the requested fee in a slightly reduced amount and will allow payment through the plan up to the amount of the plan reserve for future attorneys fees, with the balance to be collected from the debtor at the conclusion of the case.

Background and Discussion

The debtor, Lori A. Dugan, filed a voluntary chapter 13 petition in this court on September 11, 2004. The debtor has been represented throughout the case by Young John Kong, an experienced bankruptcy attorney. The debtor's amended plan filed on January 10, 2005, was confirmed without objection on March 15, 2005. It requires the debtor to pay the chapter 13 trustee $597.71 per month for 60 months and estimates a dividend on unsecured claims of 8

---

[1] This amount is in addition to $1,500.00 that the attorney has already been paid by the debtor and by the trustee.

1

cents on the dollar. Among other provisions, the plan includes "a reserve of $1,000 to cover any additional attorney's fees." Plan § B-11. As it turns out, a number of creditors did not file proofs of claim, and the trustee, taking advantage of the funds thereby freed up, has scheduled the unsecured claims for payment at 17 cents on the dollar.[2] In calculating the payout, the trustee does not appear to have reserved the $1,000 specified in the plan for additional attorneys fees.

The unsecured claims filed in the case total $32,640. To date, the trustee has paid $1,808 to the unsecured creditors and has scheduled $3,740 in future payments to them over the term of the plan. Allowance of the requested fees would reduce the remaining funds available for unsecured claims to $2,568.38, with the result that the total dividend on the unsecured claims would be reduced from 17% to 13%.

The mere fact that creditors would still be receiving more than the amount estimated in the plan does not mean that creditors would not be prejudiced by allowance and payment of the fees. The very nature of a pot plan is that the estimated distribution is only an estimate—neither a floor nor a ceiling—and unsecured creditors have a right to expect that they will share in the upside if fewer claims are filed than expected. The resulting increase in the dividend being paid on unsecured claims is by no means a matter of grace or a windfall but rather an entitlement.

---

[2] The standard form of chapter 13 plan in this district is a "pot plan" rather than a "percentage plan," *See, In re Witkowski*, 16 F.3d 739, 741 & n.11 (7th Cir. 1994) (explaining the difference). That is, unsecured creditors, rather than being promised a specific percentage payment of their claims, share pro rata in the "pot" that remains after payment of secured and priority claims. If the claims actually filed are less than estimated by the debtor—which can easily occur if one or more creditors do not file claims—then unsecured creditors may receive more than projected by the plan. Of course, the converse is also true: if claims are filed in a higher amount than expected, the dividend on unsecured claims may be less than projected.

In this district, an application for supplemental compensation must state whether allowance and payment of the additional fees would reduce the dividend being paid to unsecured creditors and, if so, whether the plan may be modified to pay the requested fees without reducing the dividend. *In re Robinson,* 368 B.R. 492, 499 (Bankr. E.D. Va. 2007). Additionally, the practice in this district requires that any prejudice to any creditor as the result of an award of additional attorney's fees must be completely, fully and adequately disclosed to all creditors and parties in interest. *Id.* at 500, n.6. In this case, the notice of hearing simply advised creditors that counsel was seeking fees in the amount of $1,171.50. It did not inform creditors that the granting of the application would reduce the dividend the trustee was paying unsecured creditors from 17 cents on the dollar to 13 cents on the dollar. Absent adequate notice of what is at stake, the court will not approve payment of fees through the plan that have the effect of reducing the payout to unsecured creditors, but will only allow them to be collected from the debtor at the conclusion of the plan. *Id.* at 500.

The wrinkle in this case is that the trustee's calculation of the payout to be made to the unsecured creditors did not take into account the $1,000 reserve specified in the plan for future attorney's fees. Had the $1,000 been reserved, the dividend to the unsecured creditors would be closer to 13 percent than 17 percent. The additional fees being requested here are $1,171.50. Because allowance of the first $1,000.00 of that amount represents no departure from the terms of the confirmed plan (and, equally important, would not require the trustee to recover any payments already made) the court can perceive no actual prejudice to creditors and will therefore approve payment of the fees through the plan up to the amount of the reserve.

Nevertheless, the court emphasizes to counsel and to the bar the importance of <u>full</u> and <u>complete</u> disclosure in fee applications of any prejudicial impact on creditors if the application is granted.  Ideally, <u>no</u> fee application will be filed <u>before</u> counsel has inquired of the chapter 13 trustee whether the requested fees can be paid without reducing the dividend to unsecured creditors.  If the payout would be reduced, counsel should then inquire of his or her client <u>before</u> the application is filed whether the client is <u>able</u> and <u>willing</u> to increase either the plan payments or the term of the plan or both to provide for the fees.  No application should state that the plan "could" be extended or the payments increased if the client has not actually consented to such a modification.  This does not mean that a fee application will never be allowed if it results in a reduced payout to unsecured creditors.  The court is fully aware that the success rate of chapter 13 plans is highly dependent on a body of capable and experienced attorneys willing to represent debtors.  Attorneys must be fairly and fully compensated, or they will not long remain in practice.  But when the dollars to pay the debtor's attorney come at the expense of payments to unsecured creditors, elementary fairness requires that the creditors be given adequate notice and an opportunity to object.  If they are, the court will not disallow a fee application simply because it reduces the dividend to unsecured creditors.

There remains the question of whether the requested fee is reasonable.  Compensation of debtor's counsel in a chapter 13 case is governed by § 330(a)(4)(B), Bankruptcy Code, and requires the court to consider "the benefit and necessity of such services to the debtor" as well as the other factors specified in § 330(a)(3), Bankruptcy Code.  Counsel has provided time entries showing expenditure of 7.9 hours through confirmation and 5.8 hours post-confirmation.  Counsel's billing rate is $195.00 per hour, which is well within—indeed, even at the low end

4

of—the range of fees charged by consumer bankruptcy practitioners in the Alexandria Division of this court.  The post-confirmation fees arise from a motion to dismiss by the chapter 13 trustee that was successfully resolved.  The time expended appears to be reasonable for the services provided, and the services were competently performed and were beneficial to the debtor.  Because the services provided through confirmation do not appear to exceed what would typically be expected in a chapter 13 case, the court considers them sufficiently compensated by the $1,500.00 "no look" fee counsel has already been paid.  For the 5.8 hours expended following confirmation, the court will allow compensation at the requested rate of $195.00 per hour, for a total supplemental fee of $1,131.00.  Of this amount, $1,000.00 will be paid through the plan, and the remaining portion may be collected directly from the debtor at the conclusion of the case.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The application for compensation is approved in part.  Supplemental compensation is approved in the amount of **$1,131.00**.  Of this amount, the trustee shall pay $1,000.00 through the plan as an expense of administration.[3]  The remaining $131.00 may be collected directly from the debtor at the conclusion of the plan.

---

[3] The confirmation order includes a provision—agreed to by the debtor—requiring her to pay into the plan federal and state income tax refunds in the excess of $250.00 per annum.  If such additional payments provide sufficient funds for the trustee to pay the portion of the approved fee that exceeds the reserve, the trustee is authorized to do so.

5

    2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Lori A Dugan
9685 Scotch Haven Drive
Vienna, VA 22181
Debtor

Young John Kong, Esquire
Ammerman and Goldberg
1115 Massachusetts Ave., N.W.
Washington, DC  20005
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee